**MAYER | BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300

mayerbrown.com

**Gary M. Hnath**
Partner
T: +1 202 263 3040
F: +1 202 263 5340
GHnath@mayerbrown.com

May 25, 2023

<u>BY ECF</u>

Honorable Brian M. Cogan, United States District Judge
United States District Court for the Eastern District of
New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *SES-imagotag SA, et al. v. Hanshow America Inc.,*
      *et al.*, 1:23-cv-01667-BMC

Dear Judge Cogan:

This is an action for alleged patent infringement that purports to arise under 35 U.S.C. §§ 271 & 281. (*See* Dkt. 1.) But this case should not proceed because each of the three asserted patents[1] is invalid as a matter of law under 35 U.S.C. § 101. The interests of conserving judicial and party resources suggest first addressing this fundamental threshold legal issue before proceeding with discovery.

The questions that will be put to the Court in the proposed motion are only those posed by *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 2016 (2014) ("*Alice*")—whether each asserted claim is directed to an abstract idea (*Alice* Step One) and, if so, whether the claim transforms an abstract idea with an inventive concept (*Alice* Step Two).

As previewed in Defendants' portions of the joint letter to the Court on May 4, 2023, each Asserted Patent claims nothing more than an abstract idea in the context of Electronic Shelf Labels ("ESLs"). (*See* Dkt. 23 at 3-4.) In brief, the '340 Patent claims an abstract idea for providing location-dependent information based on current surroundings; the '669 Patent claims an abstract idea for coordinating multi-screen video playback; and the '709 Patent claims an abstract idea for keeping a planogram[2] up-to-date with real-world shelving changes. Nothing in these patents transforms these abstract ideas into inventive concepts, nor presents anything other than well-understood, routine, and conventional claim elements.

Accordingly, the Court should dismiss SES's claims under Section 101.

---

[1] U.S. Patent Nos. 10,674,340 (the "'340 Patent"); 11,405,669 (the "'669 Patent"); and 11,010,709 (the "'709 Patent") (collectively, the "Asserted Patents").

[2] A "planogram" is a well-known term of art that refers to a "layout of a retail area," including the articles on display. (*See* '709 Patent at 2:4-27.)

Honorable Brian M. Cogan
May 25, 2023
Page 2

### I. Motions to Dismiss Based on Section 101 are Routinely Granted

"Section 101 disputes 'may be resolved on a Rule 12(b)(6) or Rule 12(c) motion when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law.'" *Sanderling Mgmt. v. Snap Inc.*, 65 F.4th 698, 703 (Fed. Cir. 2023) (affirming dismissal on the basis of patent ineligibility). Indeed, "[p]atent eligibility has in many cases been resolved on motions to dismiss or summary judgment." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). "Although a § 101 inquiry may implicate underlying factual questions in some cases, 'not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry.'" *Whitserve LLC v. Dropbox, Inc.*, 854 Fed. Appx. 367, 374 (Fed. Cir. 2021) (affirming dismissal on the basis of patent ineligibility) (quoting *Berkheimer*, 881 F.3d at 1368).

The Federal Circuit has repeatedly endorsed the use of Section 101 at the pleading stage to efficiently dispose of lawsuits filed based on ineligible patents. Besides *Sanderling* and *Whitserve*, the Federal Circuit has repeatedly affirmed Section 101 dismissals:

- *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1359 (Fed. Cir. 2023) (patent claiming a "method of viewing… multiple simultaneously displayed and stored video images");
- *Yanbin Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) (patent claiming "[a]n improved digital camera");
- *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1358 (Fed. Cir. 2021) (three patents: one claiming "[a]n electronic ID device"; and two claiming "a system for authenticating identities of users");
- *Boom! Payments, Inc. v. Stripe, Inc.*, 839 Fed. Appx. 528, 533 (Fed. Cir. 2021) (patents claiming the abstract idea of payment escrow);
- *Veripath, Inc. v. Didomi*, 842 Fed. Appx. 640, 644 (Fed. Cir. 2021) (patent claiming a "method for controlling access to a user's personal information");
- *Mortgage Application Techs., LLC v. MeridianLink, Inc.*, 839 Fed. Appx. 520, 528 (Fed. Cir. 2021) (patent claiming a "system for providing an online loan origination service");
- *Elec. Commun. Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178, 1184 (Fed. Cir. 2020) (patent claiming an "automated notification system");
- *Fast 101 Pty Ltd. v. Citigroup Inc.*, 834 Fed. Appx. 591, 594 (Fed. Cir. 2020) (patent claiming a "system configured for electronic settlement of an order");
- *Cisco Sys. v. Uniloc 2017 LLC*, 813 Fed. Appx. 495, 499 (Fed. Cir. 2020) (patent claiming a "method of operating an ad-hoc radio communication system");
- *WhitServe LLC v. Donuts Inc.*, 809 Fed. Appx. 929, 935 (Fed. Cir. 2020) (patent claiming a "device for automatically delivering professional services"); and
- *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 Fed. Appx. 529, 539 (Fed. Cir. 2020) (three patents: one claiming an "[a]pparatus that provides an information resource"; one claiming a "method of synchronizing an interactive connection"; and one claiming a "method for backing up data").

As shown by each of the above cases, patent claims frequently lack claim elements that, alone or in combination, are not well-understood, routine, and conventional. When this is the case, only a legal determination remains. Such is the case with each of the Asserted Patents.

Honorable Brian M. Cogan
May 25, 2023
Page 3

## II. The '340 Patent is Patent-Ineligible and Warrants Dismissal

The '340 Patent claims methods and systems "for communicating spatially localized information to a mobile terminal," and is generally directed to the abstract idea of providing location-dependent information based on current surroundings. (*See* '340 Patent at claims 1 (representative claim).)

According to the broad, conceptual language of the claims, the methods and systems require the use of a "central server" which is provided a "unique identifier" obtained by a user who has scanned one of a "plurality of locations" in a "predetermined area" using near-field communications (NFC), and then using that "unique identifier" to determine the location of the user and then transmit "spatially localized information associated with the location of the mobile terminal." (*See id.*)



**'340 Patent at Figure 1 (showing the concept at issue)**

This is precisely the kind of abstract idea that has been declared invalid at the motion to dismiss stage. *See Sanderling*, 65 F.4th at 703 (affirming dismissal of case based on a patent directed to the abstract idea of "providing information — in this case, a processing function — based on meeting a condition, *e.g.*, matching a GPS location indication with a geographic location").

Merely using such communications to locate a user (and then provide information based on that location) is an abstract idea, albeit one that has been restricted to the field of NFC communications and locations that use "a planogram" to organize a space. But limiting the claimed invention to a particular field by way of limitations such as "planogram" or "near-field communication" does not create patentable subject matter. *See Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017) ("limit[ing] the invention to a technological environment for which to apply the underlying abstract concept [does] not make an abstract concept any less abstract").

Furthermore, the '340 Patent admits it makes no technological inventive contribution. For example, the specification acknowledges that NFC communications are "tending to be become widespread in personal mobile terminals such as mobile telephones" and "offer[] the advantage of massive deployment." (*See id.* at 4:59-62 (further acknowledging that the invention can be implemented with existing ISO standards).) To implement its abstract idea, the '340 Patent merely claims conventional electronics components (such as "mobile terminal," "central server," and

Honorable Brian M. Cogan
May 25, 2023
Page 4

"radio-frequency peripherals") operating according to their conventional functions—the '340 Patent itself does not specify any non-conventional electronics.

Accordingly, there are no issues of fact related to the '340 Patent and the Court should dismiss Count I of the Complaint.

### III. The '669 Patent is Patent-Ineligible and Warrants Dismissal

The '669 Patent claims a "video playback system" which uses "video playback progress-data" to determine "whether it is in a synchronous or asynchronous playback progress with the other devices," and is generally directed to the abstract idea of synchronizing video playback between screens. (*See* '669 Patent at claim 1 (representative claim).)

As with the '340 Patent, the purported invention here is an abstract concept, albeit one limited to a technological implementation where "the display devices [] are designed to display product information or product price related information by means of virtual electronic shelf labels." (*Id.* at claim 1.) This is akin to the invention declared patent ineligible in *Bridge & Post*, in which the Federal Circuit ruled that "communicating information using a personalized marking" (including to a "playback device") was an abstract idea. *See Bridge & Post, Inc. v. Verizon Comm'ns., Inc.*, 778 Fed. Appx. 882, 889 (Fed. Cir. 2019) ("even a highly specific method for implementing an abstract idea is, at step 1 of the *Alice* test, still directed to that abstract idea"); *see also Dropbox*, 815 Fed. Appx. at 539 (affirming invalidity of a patent claiming a "method of synchronizing an interactive connection").

There are no particular components claimed by the '669 Patent beyond generic electronics such as "playback devices," "screens," and "memory to store video data." In other words, "nothing in the claims 'requires anything other than conventional computer and network components operating according to their ordinary functions'" *Data Scape Ltd. v. W. Digital Corp.*, 816 Fed. Appx. 461, 464 (Fed. Cir. 2020) (quoting *Two-Way Media Ltd. v. Comcast Cable Comm'ns*, LLC, 874 F.3d 1329, 1339 (Fed Cir. 2017)).

The '669 Patent itself emphasizes that the alleged invention does not require anything other than conventional electronics: "No super-efficient and expensive hardware is required to achieve this [invention], which is of particular importance for the targeted use case of the video playback system for synchronized shelf rail video playback…" ('669 Patent at 2:2-5; *see also id.* at 4:59-63 ("The features of the invention may be realized by means of pure hardware or of programmable hardware on which a software is executed, e.g. microprocessors, microcontrollers or application specific circuits with memory devices to store the software are to be considered.").) Accordingly, by the admissions of the '669 Patent itself, the underlying claim elements are well-understood, routine, and conventional. This precludes a factual dispute at the motion to dismiss stage.

Thus, the Court should also dismiss Count II of the Complaint.

### IV. The '709 Patent is Patent-Ineligible and Warrants Dismissal

The '709 Patent claims methods and systems "for updating a planogram [] to reflect an addition of a shelf label," wherein a reading device "acquir[es] a label identifier of an added shelf label"

Honorable Brian M. Cogan
May 25, 2023
Page 5

proximate to an "adjacent shelf label," and then using a "computer system" to "identify[] a location corresponding to the added shelf label in the shelf of the retail area" and "update [] the planogram." (*See* '709 Patent at claim 1 (representative claim).) This is nothing more than the abstract idea of updating a planogram based on the determined locations of new shelf labels—again, an abstract idea merely limited to a specific technological environment.

Figure 5 of the '709 Patent illustrates the breadth of the claimed concept:



**'709 Patent at Figure 5 ("sequence" refers to the relationship between the new and adjacent (known) shelf label, which conveys the location of the new shelf label)**

Courts have repeatedly determined that patents directed to updating information (like the '709 Patent) are invalid. *See Ameranth, Inc. v. Domino's Pizza, LLC*, 792 Fed. Appx. 780, 786 (Fed. Cir. 2019) (addressing a patent that allegedly "enable[d] automatic database updates and fast synchronization between a database and handheld devices"); *Source Search Techs., LLC v. Kayak Software Corp.*, 111 F. Supp. 3d 603, 614 (D.N.J. 2015) ("database management" is an abstract idea).

Further, reciting conventional electronic devices such as a "computer system" and a "reading device" using conventional functionality merely supplies claim elements that are indisputably well-understood, routine, and conventional. The same can be said about the '709 Patent's requirement that a user performs the claimed method by scanning a new label in a sequence with existing labels so that the "reading device" can convey the location of the new label to the "computer system." *See Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("[t]he concept of data collection, recognition, and storage is undisputedly well-known.").

Accordingly, the Court should also dismiss Count III of the Complaint.

    **V.**    **Conclusion**

In sum, there are no factual allegations in the Complaint that, if accepted as true, preclude dismissal on the basis of patent ineligibility. Defendants respectfully request that the Court permit them to file their anticipated Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Honorable Brian M. Cogan
May 25, 2023
Page 6

| | |
|---|---|
| Dated: May 25, 2023 | Respectfully submitted, |

*/s/ Gary M. Hnath*
Gary M. Hnath *(*Lead Counsel*)*
Clark S. Bakewell
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-5323
ghnath@mayerbrown.com
cbakewell@mayerbrown.com

B. Clayton McCraw
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2649
cmccraw@mayerbrown.com

Hao Tan (IL Bar No. 6314119)
Shen Wang (IL Bar No. 6314224)
Peter J. Curtin (IL Bar No. 6332596)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
HaoTan@archlakelaw.com
ShenWang@archlakelaw.com
pete_curtin@archlakelaw.com

*Attorneys for Plaintiffs Hanshow America Inc. and Hanshow Technology Co., Ltd.*